UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES SCHRAMM,

    Plaintiff,

v.                                                          Case No: 5:23-cv-163-JSM-PRL

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.

## ORDER

This ERISA action arises out of the denial of Plaintiff Charles Schramm's request for long-term disability benefits by Defendant Metropolitan Life Insurance Company. Plaintiff filed his Complaint on March 9, 2023. (Doc. 1). Almost seven weeks later, Plaintiff filed this motion seeking to seal the Complaint and portions of the instant motion. (Doc. 7).[1]

In relevant part, the Middle District of Florida Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). Here, Plaintiff moves to seal his previously filed Complaint and portions of the instant motion because he argues that they disclose private health information.[2] To support his motion, Plaintiff cites to cases generally

---

[1] While a small portion of the filed motion is redacted, Plaintiff provided the Court with an unredacted version for *in camera* review.

[2] Defendant raises no objection. It is not uncommon, however, for litigants to consent to each other's requests to seal, because "[m]ost litigants have no incentive to protect the public's right of access." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (alteration in original) (internal quotations omitted).

acknowledging the importance of the privacy of health information and recognizing protections to prevent the compelled disclosure of such information.

These general arguments, however, fail to offer a compelling justification to seal in this case. By filing this action seeking an award of long-term disability benefits, Plaintiff has placed his own medical condition squarely at issue. "'Courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records.'" *Oldaker v. Giles*, No.7:20-cv-224, 2021 WL 3412551, * 3 (M.D. Ga. August 4, 2021) (quoting *Lozman v. City of Riviera Beach*, No. 08-80134-Civ-Hurley/Hopkins, 2014 WL 12692766, at *1 (S.D. Fla. May 2, 2014); see also, *Barlow v. Dupree Logistics, LLC*, No. 1:14-BE-1808-E, 2015 WL 4646812, at *8 (N.D. Ala. July 5, 2015) ("[Plaintiff] has largely waived any privacy interest in the requested documents by filing this public lawsuit with the claims asserted and damages asserted, including emotional distress.").

Accordingly, because Plaintiff has failed to offer a compelling justification for the requested relief, Plaintiff's motion to seal (Doc. 7) is due to be **DENIED.** The Clerk shall file the unredacted version of the motion to seal on the docket.

**DONE** and **ORDERED** in Ocala, Florida on May 9, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties